UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Tiba Byrd,
Plaintiff,

vs.

Midland Credit Management, Inc.,
Defendant.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

PLAINTIFF, as and for her causes of action (i.e., violations of the Fair Debt Collection Practices Act and the Fair Credit Reporting Act) against the above-named defendant, states and alleges as follows:

### Introduction

1. Plaintiff Tiba Byrd was the victim of identity theft years ago. Unfortunately, the ramifications of that effect continue to this day, not least, in part, due to entities such as Defendant failing to comply with federal law. In this case, Plaintiff had a store branded accounted owned by Comenity Bank fraudulently taken out in her name. Plaintiff informed Comenity Bank that the account did not belong to her. Notwithstanding this notification, Comenity Bank sold the account to Defendant Midland Credit Management, Inc. who proceeded to illegally access her credit reports and demand payment for a debt she didn't owe. Consequently, Plaintiff brings this action.

## Statement of Jurisdiction

2.  This Court has Jurisdiction over the subject matter of this action pursuant to 28 U.S.C §1331, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d), and the Fair Credit Reporting Act, 15 U.S.C. §§1681n & o.

## Venue

3.  Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

## Parties

4.  Plaintiff Tiba Byrd is an adult resident of Itasca County, Minnesota.

5.  Defendant Midland Credit Management, Inc. ("Midland") is a foreign corporation registered to conduct business in the state of Minnesota.

## Facts

6.  Plaintiff is, and at all times mentioned herein was, a "consumer" as defined by 15 U.S.C. §1692a(3) and 15 U.S.C. §1681a(c).

7.  Defendant Midland Funding is, and at all times relevant to this complaint was, a user of information as that term is used in 15 U.S.C. §1681b and a "debt collector" as defined by 15 U.S.C. §1692a(6).

8.  The debt allegedly owed by Plaintiff is a "debt" as defined by 15 U.S.C. §1692 a(5).

9.  Many years ago, Plaintiff's personally identifying information was obtained and utilized by a third-party to open financial accounts without her permission.

10.     After obtaining her credit reports in 2015, Plaintiff discovered that an "Avenue Yourself" account ("the Account"), underwritten by Comenity Bank ("Comenity"), had been opened in her name without her authorization.

11.     Plaintiff wrote to Comenity and informed it that the Account did not belong to her and was the result of identity theft.

12.     Plaintiff received letters dated November 29, 2015 and December 4, 2015 from Comenity acknowledging receipt of her fraud claims.

13.     Around this same time, Plaintiff sent dispute letters to the nationwide credit reporting agencies ("CRAs") informing them that a Comenity Bank account had been opened in her name without her permission.

14.     Upon information and belief, the CRAs forwarded Plaintiff's disputes to Comenity.

15.     Plaintiff never heard anything further from Comenity regarding the status of her disputes.

16.     On or about November 6, 2019, Midland mailed Plaintiff a letter informing her that it had purchased the Account and asking for a call to discuss payment options.

17.     Upon information and belief, Midland integrates the records of the original creditor into its records at the time it purchases an account.

18.     Upon information and belief, Midland either knew or should have known that the Account was fraudulently opened and didn't belong to Plaintiff.

3

19.     By demanding payment on a fraudulent account, Midland made a false representation of the character, amount, or legal status of a debt in violation of 15 U.S.C. §1692e(2)(A).

20.     By demanding payment on a fraudulent account, Defendant Midland made a false representation in the collection of a debt in violation of 15 U.S.C. §1692e(10).

21.     By demanding payment on a fraudulent account, Defendant Midland attempted to collect a debt authorized by neither law nor contract in violation of 15 U.S.C. §1692f(1).

22.     Upon receiving this letter, Plaintiff was concerned.

23.     As a result, Plaintiff obtained a copy of her credit reports.

24.     When reviewing her credit reports, Plaintiff discovered that Midland had obtained a copy of her reports on August 13, 2019 and October 10, 2019.

25.     Plaintiff was confused because she was unaware of Midland owning any accounts that she had authorized.

26.     Upon information and belief, Midland did not have a permissible purpose for obtaining Plaintiff's consumer report.

27.     By obtaining Plaintiff's consumer report without a permissible purpose, Midland violated 15 U.S.C. §1681b(f) of the Fair Credit Reporting Act.

28.     As a result of Defendant's conduct, Plaintiff suffered from anger, frustration, anxiety, and humiliation.

## Specific Claims

Count I - Negligent Violations of the Fair Credit Reporting Act 15 U.S.C. §1681 Et Seq.

29.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30.     The foregoing acts and omissions of Defendants constitute violations of the FCRA, including, but not limited to, 15 U.S.C. §§1681b.

Count II– Knowing and/ or Willful Violations of the Fair Credit Reporting Act 15 U.S.C. §1681 Et Seq.

31.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32.     The foregoing acts and omissions of Defendants constitute knowing and willful violations of the FCRA, including, but not limited to, 15 U.S.C. §§1681b.

Count III–Violations of 15 U.S.C. §1692e(2)(A)

(*Against Defendant Midland Funding*)

33.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34.     Defendant falsely represented the character, amount, and legal status of Plaintiffs' alleged debt in violation of 15 U.S.C. §1692e(2)(A) by demanding payment on a fraudulent account.

Count IV- Violations of 15 U.S.C. §1692e(10)

5

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. Defendant repeatedly made false representations in collecting a debt in violation of 15 U.S.C. §1692e(10) by demanding payment on a fraudulent account.

Count V- Violations of 15 U.S.C. §1692f(1)

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. Defendant attempted to collect a debt authorized by neither law or contract in violation of 15 U.S.C. §1692f(1) by demanding payment on a fraudulent account.

### Jury Demand

39. Plaintiff hereby demands a trial by jury.

### Prayer for Relief

WHEREFORE, Plaintiff by and through her attorney, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendants as follows:

      a. All actual compensatory damages suffered;

      b. Statutory damages;

      c. Punitive damages;

      d. Reasonable attorney's fees, litigation expenses, and cost of suit; and

      e. Any other relief deemed appropriate by this Honorable Court.

Dated: October 13, 2020               Respectfully Submitted,

                                      PETERSON LEGAL, PLLC

                                      <u>s/ Ryan D. Peterson</u>
                                      Ryan D. Peterson (#0389607)
                                      5201 Eden Avenue, Suite 300
                                      Edina, MN 55436
                                      (612) 367-6568
                                      ryan@peterson.legal

                                      ATTORNEY FOR PLAINTIFF